# CASES DETERMINED

IN THE

# SUPREME COURT of JUDICATURE

OF THE

## STATE OF NEW JERSEY,

### AT JUNE TERM, 1857.

---

THE STATE *vs.* WILLIAM J. ROSS.

1. If a conductor attempt to exclude from a railroad car a person who, by law or the rules of the company, has no right to ride upon the car, he has no right to use more force or violence than is necessary to accomplish his purpose.

2. On the indictment for assault and battery, if the evidence show that a *battery* was committed, and the jury render a verdict of guilty of an assault only, the court will be justified in the exercise of a sound discretion in setting the verdict aside.

---

This cause was tried at the Hudson County Court of Oyer and Terminer and General Jail Delivery, at October Term, 1856.

The defendant was a conductor on the New Jersey Railroad, and was·indicted for an assault and battery on George J. Leghae. The substance of the evidence on the trial and the facts in the case sufficiently appear in the opinion delivered in this court.

The jury rendered a verdict of guilty of an assault

only. The defendant's counsel moved for a new trial, and the case was certified to this court for their advisory opinion.

Argued before the CHIEF JUSTICE and Justices OGDEN, POTTS, and VREDENBURGH.

*I. W. Scudder* and *A. O. Zabriskie*, for the motion.

*J. D. Littell*, for the state.

The opinion of the court was delivered by

The CHIEF JUSTICE. The defendant was indicted for an assault and battery on George James Leghae. The material facts are, that the defendant is a conductor on the New Jersey railroad, and on the 26th of September, 1856, the date of the alleged assault, he had charge of a train of cars leaving Jersey City for Newark. The prosecutor, Leghae, had purchased an excursion ticket at Newark, in the afternoon, to and from New York, and was desirous of returning by the train of which the defendant had charge. Leghae, while in New York, had been drinking freely. He returned to the station-house in Jersey City in a state of intoxication. He was asleep in the station-house; and when roused by the conductor, he staggered and fell twice before reaching the door. The conductor told him he was too drunk to go in the cars, closed the door upon him, and prevented his leaving the passenger room. He then attempted to break out of the window. After the cars were in motion, he left the passengers' room, and attempted to get on the cars. He followed the cars half the length of the station-house, attempting to get on, and was prevented by the conductor. He continued to follow them, endeavoring to get on the platform of the cars, a distance of fifty-eight paces from the car-house, when he was struck by the switch, knocked down, and injured. The prosecutor swears that the defendant

State v. Ross.

applied abusive epithets to him, and kicked him when attempting to get on the cars.

The jury found the defendant guilty of an assault merely; and upon a motion for a new trial, the advisory opinion of the court is asked. But the case does not show upon what point the Oyer and Terminer desires the opinion of this court, and we are left to conjecture from the arguments of counsel what the point really is. The charge of the court is not furnished, and we have no means of ascertaining with precision what instructions were given to the jury. The only question which fairly arises upon the case as presented is, whether a new trial ought to be granted; in other words, whether the evidence warranted the jury in rendering a verdict of guilty.

Admitting every position of law and of fact contended for by the defendant's counsel, it cannot be said that a verdict against the defendant is against law or evidence. Assuming that the evidence shows clearly that the prosecutor, at the time of the assault, was in a state of gross intoxication, and that by the rules of the company the defendant, as conductor, was required to exclude him from the cars; assuming the law to be that the regulation of the company was lawful and proper, and that it was not only the right, but the duty of the conductor to exclude the prosecutor from the car-house, and by all reasonable means to prevent his getting upon the train; assuming that the possession of a ticket by the prosecutor, under the circumstance, made no difference in his legal rights; assuming, further, that by entering the car-house and attempting to enter the cars, the defendant became a trespasser and liable to be ejected by force, not only from the cars, but from the car-house, the question still remains, did the defendant use undue means in excluding him from the cars? Did he use more force or violence than was necessary? The prosecutor testifies that the defendant kicked him. Another witness testifies that at the time of the accident he told the defendant that he saw

him kick the prosecutor. Other witnesses, it is true, testify the defendant did not kick, but merely pushed him with his foot to keep him off the cars; and one of the witnesses thinks that the object of the defendant was to save the prosecutor from being injured by the switch. It is obvious that the act of the conductor may have been either an unlawful assault and battery, or a perfectly lawful and praiseworthy act, according to the view taken of the weight of the evidence. The decision of this question was peculiarly within the province of the jury. Had they found the defendant guilty, as he stands charged in the indictment, there would be no ground for a new trial. But the jury acquitted the defendant of a battery, and convicted him of an assault merely. There is nothing in the evidence to warrant such a verdict. The defendant clearly was guilty of a battery, or he was innocent. That the defendant was convicted of a less crime than he should have been, is no ground for interfering with the verdict. But if the jury really believed, as they have found by their verdict, that no violence was used to the person of the prosecutor; that the defendant neither kicked nor struck him, but merely threatened him; or if they believed that the assault consisted in excluding him from the cars, in either event the verdict is erroneous, and the Court of Oyer and Terminer, in the exercise of a sound discretion, would be justified in setting it aside.

Under the peculiar circumstances of the case, this court can with propriety do no more than say that the Court of Oyer and Terminer would be justified, in the exercise of a sound discretion, in setting the verdict aside, upon the ground that the verdict warrants the conclusion that the jury acted under a mistaken apprehension of the law.